# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BRANDON JONES,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 7:20CV00370 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **BUREAU OF PRISONS, ET AL.** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |
| | ) | |

  The plaintiff, Brandon Jones, a federal inmate proceeding pro se, filed this action on a form designed for a prisoner bringing a civil rights complaint pursuant to 42 U.S.C. § 1983 against state prison officials.  Jones names as defendants only federal entities — the Federal Bureau of Prisons ("BOP") and the United States.  Therefore, the court docketed his case as a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  After closer review of his claim, however, the court will summarily dismiss his *Bivens* claims for monetary damages and construe his pleading as a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, regarding the execution of his sentence.

  In brief, Jones claims that because of a statement in his Presentence Investigation Report ("PSR") that he verbally threatened to rape his kidnapping

victim, the BOP has labeled Jones as a sex offender. Since January 2015, Jones has tried to get this alleged misclassification corrected. Jones represents that the sentencing judge in the United States District Court for the District of New Mexico has now sustained Jones's objection to the PSR paragraph reporting the rape threats. Jones also states that the court's corrections to his record are now in his BOP file.[1] Nevertheless, BOP officials have advised Jones that they cannot help him "without court changes." Compl. 3, ECF No. 1. According to Jones, the sex offender classification has caused him to be confined with other inmates convicted of sexual offenses, and he constantly fears attacks from inmates because of the sex offender label.

As an initial matter, Jones's allegations do not state an actionable *Bivens* claim for damages against the named defendants. In *Bivens*, the Supreme Court recognized that federal courts have authority under 28 U.S.C. § 1331 to award monetary damages to persons who prove deprivation of constitutional rights through the conduct of individual, federal *officials*. 403 U.S. at 392. The BOP does not qualify as proper defendant in a *Bivens* action, because it is not a federal official. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a *Bivens* action is unavailable against federal agencies). Similarly, the United States is not a proper

---

[1] Jones does not provide with his Complaint the orders or other documents filed in the New Mexico court in his attempt to address the sex offender issue.

defendant in such a case. Because Jones names no other defendants, I conclude that his claim for monetary damages must be summarily dismissed for failure to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915A(b)(1) (authorizing court to dismiss prisoner claims seeking redress from a governmental entity for failure to state claim).

Rather than dismiss the entire case, however, I liberally construe Jones's submission as seeking an order for the BOP to remove his classification as a sex offender. Therefore, I will construe his submission as a § 2241 petition.

Jones is currently confined at the United States Penitentiary Lee County, ("USP Lee"), located in this judicial district. Thus, his current custodian, the Warden of USP Lee, is the only appropriate respondent to his § 2241 petition. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973). I will substitute the Warden as the respondent.

Finally, if Jones elects to proceed with this § 2241 petition, he must pay the $5.00 filing fee and submit an Amended Petition on the correct form and signed under penalty of perjury. The Amended Petition should provide a detailed account of the actions by the sentencing court and, if possible, attach copies of the sentencing court's orders and documentation about Jones's convictions and sentences, including his PSR and any amendments to it. It should also include, if possible, copies of BOP documents regarding his classification and the reasons given for

officials' refusal to change that classification. If Jones files such a petition, the court will require the Warden, through counsel, to respond to it.

In accordance with the foregoing, it is **ORDERED** as follows:

1. All *Bivens* claims for monetary damages against the defendants named in the Complaint are hereby DISMISSED for failure to state a claim upon which relief could be granted, and the clerk will terminate the BOP and the United States as parties to this action;

2. The Complaint is hereby CONSTRUED as a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241; the Warden of USP Lee is SUBSTITUTED as the proper respondent; and the clerk will amend the court's docket to so indicate;

3. The court's prior Order, ECF No. 3, assessing $400 in filing costs for a *Bivens* action, is VACATED;

4. Jones is hereby assessed a habeas petition filing fee of $5.00 pursuant to 28 U.S.C. § 1914(a);

5. Inasmuch as Jones has not applied to proceed in forma pauperis or prepaid the $5.00 filing fee, he is directed to execute the enclosed consent to withholding of fees from his inmate account. FAILURE TO RETURN THE ATTACHED CONSENT FORM to the Court OR TO PAY THE $5.00 FILING FEE WITHIN 30 DAYS SHALL RESULT

IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE. In the alternative, Jones may apply to proceed in forma pauperis by completing and returning the attached statement of assets signed under penalty of perjury. If the court grants Jones in forma pauperis status, he will not be required to pay the $5.00 filing fee.

6. Jones is DIRECTED to submit within 30 days from the entry of this Order an Amended Petition (see enclosed § 2241 form), providing the information described above; if he elects not to pursue the action, he may move for a voluntary dismissal without prejudice;

7. Jones must notify the Court immediately after his transfer or release and must provide his new address. FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE WILL RESULT IN DISMISSAL OF THIS ACTION.

8. Pursuant to Standing Order of Court, all nondispositive matters in this case are referred to the United States Magistrate Judge.

9. A copy of this Order shall be mailed to Jones. All pleadings and documents by Jones must be mailed to: Clerk, U.S. District Court, 210 Franklin Road, S.W. Suite 540, Roanoke, VA 24011-2208.

ENTER: July 1, 2020

/s/ James P. Jones
United States District Judge

# INMATE CONSENT FOR WITHHOLDING OF PAY
# FOR ASSESSED FILING FEE

**BRANDON JONES,**
    **Petitioner,**　　　　　　　　　　　　　　Civil Action No. **7:20CV00370**

**v.**

**WARDEN, USP LEE,**
    **Respondent.**　　　　　　　　　　　　　　**CONSENT TO FEE**

    I, **Brandon Jones, No. 05106-707,** hereby consent for the appropriate prison officials to withhold from my prison account the filing fee of **$5.00** dollars or if not possible to collect the $5.00 in full initially, to collect on a continuing basis each month, an amount equal to 20% of each prior month's income, until such time as the filing fee of $5.00 has been collected in full. Upon collection, the Trust Officer shall forward the payment to the Clerk's Office, U. S. District Court, 210 Franklin Road SW, Suite 540, Roanoke, VA 24011-2208, until such time as the fees are paid in full. <u>By executing this document, I also authorize withholding of any amount of costs, sanctions, and/or fees which may be imposed by the Court as a result of or during this litigation</u>.

    I agree that if I am transferred prior to payment of the full fee, the balance owing will be reported to the new institution with directions to continue the withdrawal of funds until the entire fee is paid. Payment will continue, if necessary, after resolution of this action until the full filing fee is paid.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Signature of petitioner


\*\*\*After signing this form, I understand that I am to send it back to the Court for processing to: Clerk, U.S. District Court, 210 Franklin Road SW, Suite 540, Roanoke, VA 24011-2208.

Case No._____

_____
(Petitioner/Plaintiff)

STATEMENT OF ASSETS

v.

_____
(Respondent/Defendant)

I, _____, declare that I am the petitioner in the above-styled proceeding; that in support of my request to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding, or give security therefor; that I believe I am entitled to relief.

In support of my in forma pauperis application, I answer the following questions:

1. Are you presently employed? _____Yes    _____No

    If yes, what is your monthly income? _____

    If no, state the date of your last employment._____

2. Have you received any money in the last twelve months from the following sources?
    Business, Profession, Self-Employment:        _____Yes    _____No
    Rent Payments, Interest or Dividends:         _____Yes    _____No
    Pensions, Annuities or Life Insurance:        _____Yes    _____No
    Gifts or Inheritances:                        _____Yes    _____No
    Any Other Sources:                            _____Yes    _____No

**If the answer to any of the above is Yes, please state the source and amount of each received during the past year**.

3. Do you own any cash, or have any money on hand - Include any funds held in Prison Accounts or private bank accounts.

    _____Yes    _____No    If Yes, State the Value    _____

4. Do you own any real estate, stocks, bond, notes, automobiles or other valuable property - (excluding clothing and ordinary household furnishings)?

    _____Yes    _____No    If Yes, State the Value    _____

5. List the persons who are dependent upon you for support.  State your relationship to same and indicate how much you contribute toward their support.

**I declare under penalty of perjury that the foregoing is true and correct and have attached a certified copy of my inmate trust fund account statement for the last six months in support of this request to proceed without the payment of fees.**

**DATED: _____        SIGNED: _____**

AO 242 (12/11 – VAW Additions – 10/18) Petition for Writ of Habeas Corpus Under 28 U.S.C. §2241

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C.§2241

## Instructions

1. **Who Should Use This Form.** You should use this form if
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits);*
   - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition);* or
   - you are alleging that you are illegally detained in immigration custody.

2. **Who Should Not Use This Form.** You should not use this form if
   - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. §2255);*
   - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C.§2254);*
   - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals).*
   - 

3. **Preparing the Petition.** The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. **A false statement may lead to prosecution.**

All questions must be answered clearly and concisely in the space on the form. If needed, you may attach additional pages or file a memorandum in support of the petition. If you attach additional pages, number the pages and identify which section of the petition is being continued. Note that some courts have page limitations. All filings must be submitted on paper sized 8 ½ x 11 inches. **Do not use the back of any page.** **Never** use tape on any pleadings submitted to the Court.

4. **Supporting Documents.** In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

5. **Required Filing Fee.** You must pay a $5 filing fee required by 28 U.S.C. §1914(a). If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

6. **Submitting Documents to the Court.** If you are confined in the Western District of Virginia, mail only your original, signed petition to:
Clerk, United States District Court
210 Franklin Road, SW, Suite 540
Roanoke, VA 24011-2208

If you are not confined in the Western District of Virginia, mail your petition to the clerk of the United States District Court for the district and division in which you are confined. For a list of districts and divisions, see 28 U.S.C. §§81-131.

7. **Change of Address.** You must immediately notify the court in writing of any change of address. If you do not, the court may dismiss your case.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

_____

*Petitioner*

v.

_____

*Respondent*
*(name of warden or authorized person having custody of petitioner)*

)
)
)
)
)
)   Case No. _____
)                *(Supplied by Clerk of Court)*
)
)
)

**PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**Personal Information**

1. (a) Your full name: _____
   (b) Other names you have used: _____
2. Place of confinement:
   (a) Name of institution: _____
   (b) Address: _____

   (c) Your identification number: _____
3. Are you currently being held on orders by:
   ❏ Federal authorities    ❏ State authorities    ❏ Other - explain:
   _____

4. Are you currently:
   ❏ A pretrial detainee (waiting for trial on criminal charges)
   ❏ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
         (a) Name and location of court that sentenced you: _____

         (b) Docket number of criminal case: _____
         (c) Date of sentencing: _____
   ❏ Being held on an immigration charge
   ❏ Other *(explain)*: _____

Page 2 of  10

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ❏ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)
   ❏ Pretrial detention
   ❏ Immigration detention
   ❏ Detainer
   ❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
   ❏ Disciplinary proceedings
   ❏ Other *(explain)*: _____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: _____
   (b) Docket number, case number, or opinion number: _____
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: _____
   (d) Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ❏ Yes          ❏ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: _____
       (2) Date of filing: _____
       (3) Docket number, case number, or opinion number: _____
       (4) Result: _____
       (5) Date of result: _____
       (6) Issues raised: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b)  If you answered "No," explain why you did not appeal: _____

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ❏ Yes            ❏ No
   (a)  If "Yes," provide:
        (1)  Name of the authority, agency, or court: _____

        (2)  Date of filing: _____
        (3)  Docket number, case number, or opinion number: _____
        (4)  Result: _____
        (5)  Date of result: _____
        (6)  Issues raised: _____

   (b)  If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**
   After the second appeal, did you file a third appeal to a higher authority, agency, or court?
   ❏ Yes            ❏ No
   (a)  If "Yes," provide:
        (1)  Name of the authority, agency, or court: _____

        (2)  Date of filing: _____
        (3)  Docket number, case number, or opinion number: _____
        (4)  Result: _____
        (5)  Date of result: _____
        (6)  Issues raised: _____

Page 4 of  10

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b)  If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ❒ Yes                    ❒ No

    If "Yes," answer the following:

    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ❒ Yes                    ❒ No

    If "Yes," provide:
    (1) Name of court:
    (2) Case number:
    (3) Date of filing:
    (4) Result:
    (5) Date of result:
    (6) Issues raised:

    (b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

    ❒ Yes                    ❒ No

    If "Yes," provide:
    (1) Name of court:
    (2) Case number:
    (3) Date of filing:
    (4) Result:
    (5) Date of result:
    (6) Issues raised:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

      (c)      Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

11. **Appeals of immigration proceedings**

    Does this case concern immigration proceedings?
    ❏ Yes     ❏ No

    If "Yes," provide:

(a) Date you were taken into immigration custody: _____
(b) Date of the removal or reinstatement order: _____
(c) Did you file an appeal with the Board of Immigration Appeals?
    ❏ Yes     ❏ No
    If "Yes," provide:
    (1) Date of filing: _____
    (2) Case number: _____
    (3) Result: _____
    (4) Date of result: _____
    (5) Issues raised: _____

(d) Did you appeal the decision to the United States Court of Appeals?
    ❏ Yes     ❏ No
    If "Yes," provide:
    (1) Name of court: _____
    (2) Date of filing: _____
    (3) Case number: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

      (4)  Result: _____

      (5)  Date of result: _____

      (6)  Issues raised: _____

_____

_____

_____

_____

_____

12.   **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

❏ Yes       ❏ No

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

_____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

_____

_____

_____

_____

**Grounds for Your Challenge in This Petition**

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

     **GROUND ONE**: _____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground One in all appeals that were available to you?
❒ Yes             ❒ No

**GROUND TWO**:

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Two in all appeals that were available to you?
❒ Yes             ❒ No

**GROUND THREE**:

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Three in all appeals that were available to you?
❒ Yes             ❒ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**:

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Four in all appeals that were available to you?
❏ Yes    ❏ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15.  State exactly what you want the court to do:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: _____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _____

_____
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*