# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BRANDON JONES,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:20CV00370 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **WARDEN OF USP LEE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Brandon Jones, Pro Se Petitioner; Sara Bugbee Wynn, Assistant United States Attorney, Roanoke, Virginia, for Respondent.*

Brandon Jones, a federal inmate proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] Jones contends that the Bureau of Prisons (BOP) has erroneously classified and housed him as a sexual offender. After review of the record and the parties' submissions, I conclude that the respondent's Motion to Dismiss must be granted.

I.

On May 5, 2014, Jones was sentenced to imprisonment after pleading guilty in the United States District Court for the District of New Mexico. Jones appealed,

---

[1] At the time he filed the petition, Jones was confined at the United States Penitentiary Lee County (USP Lee), which is located in this judicial district.

but the United States Court of Appeals for the Tenth Circuit dismissed the appeal as untimely.

Jones next filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. The court vacated the original judgment, corrected a clerical error regarding supervised release and fine ranges, and resentenced Jones. The court additionally stated that:

> The Court finds nothing in the defendant's history or characteristics that indicate he should be incarcerated as a sex offender. Furthermore, the Court finds nothing in the defendant's record that would justify him having to comply with any sex offender conditions. Therefore, the Court strongly recommends that its findings be taken into consideration and the defendant not be classified as a sex offender, nor be housed with sex offenders.

Resp't's Br. Ex. 2, ECF No. 19-2.

Jones filed his present § 2241 petition in June of 2020, challenging his designation as a sexual offender. At the court's direction, he filed an amended petition the following month. The respondent filed a Motion to Dismiss and the time for Jones to respond has passed, making the matter ripe for consideration.

## II.

Although § 2241 does not contain a statutory exhaustion requirement, courts ordinarily require petitioners to exhaust available administrative remedies prior to seeking habeas review under § 2241. *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 489–92 (1973); Failure to exhaust may only be excused by a showing of cause and

prejudice. *Williams v. Breckon*, No. 7:19CV00387, 2020 WL 1158255, at *2 (W.D. Va. Mar. 10, 2020) ("When legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies [the court] excuses this failure to exhaust.") (internal quotation marks and citation omitted)).

The BOP's Administrative Remedy Procedure provides a three-level appeal process through which an inmate may seek formal review of issues that relate to any aspect of his confinement. 28 C.F.R. § 542.10. Ordinarily, an inmate must first attempt to resolve the issues informally with a staff member. 28 C.F.R. § 542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint addressed to the warden. This complaint must be filed within twenty calendar days of the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the warden's response, that response may be appealed to the Regional Director within twenty calendar days of the date on which the warden signed the response. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty calendar days of the date the Regional Director signed the response. *Id*. Appeal to the General Counsel is the final administrative appeal. *Id.*

Jones' amended petition, liberally construed, alleges that he is being classified and housed in violation of the Constitution because he was not indicted for being a

sex offender, did not plead guilty to being a sex offender, and was not convicted of being a sex offender.

The respondent argues that Jones has not exhausted his administrative remedies prior to bringing this action. The respondent further argues that Jones' challenge is not properly brought in a § 2241 habeas petition.

First, with respect to exhaustion, the respondent has attached as an exhibit the Declaration of Destiny Spearen, a paralegal for the Consolidated Legal Center, located at the Federal Correctional Institution in Beckley, West Virginia. Resp't's Mem. Ex. 1, Spearen Decl. ¶ 1, ECF No. 19-1. Spearen states that as a paralegal she has access to BOP records, including an inmate's administrative remedy history, *id.* ¶ 2, and that Jones "has never filed an administrative remedy while in BOP custody," *id.* ¶ 4. Jones has not disputed that he failed to exhaust his administrative remedies, nor has he attempted to show cause and prejudice for his failure to exhaust. Because Jones has failed to exhaust his administrative remedies, I must dismiss the amended petition.

Second, the respondent argues that Jones cannot challenge his sex offender classification through a § 2241 habeas corpus action. Rather, the respondent contends that such challenges are properly brought under the civil remedy provision of the Privacy Act, 5 U.S.C. § 522a(g)(1).[2] *Smith v. U.S. Parole Comm'n*, No.

---

[2] This statue provides:

7:05CV00120, 2005 WL 1594452, at *2 (W.D. Va. June 29, 2005) ("Since this claim does not implicate the execution of [the petitioner's] sentence, it is not properly brought in a petition for habeas corpus relief under 28 U.S.C. § 2241.").

The proper defendant in a Privacy Act action is the agency, here the BOP, not an individual. *Adams v. Compton*, No. 7:04-CV-00258, 2005 WL 2006975, at *11 (W.D. Va. Aug. 17, 2005), *adopted by* 2005 WL 2206101 (W.D. Va. Sept. 12, 2005). In addition, an inmate seeking to bring a claim under the civil remedy provision of

---

(1) Whenever any agency —

(A) makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;

(B) refuses to comply with an individual request under subsection (d)(1) of this section;

(C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or

(D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual,

the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

the Privacy Act "must first demonstrate that he has requested relief from the relevant authority and that relief has been denied." *Smith*, 2005 WL 1594452, at *3.

For the stated reasons, Jones has not demonstrated that he has exhausted his administrative remedies or that § 2241 is the appropriate vehicle for correcting the misinformation in his designation. I will grant the respondent's Motion to Dismiss and dismiss Jones' petition, without prejudice to Jones' ability to file a proper action once he has exhausted his administrative remedies.[3] In addition, I will deny Jones' pending motions to expand the record, ECF Nos. 31, 34, as moot.

A separate Final Order will be entered herewith.

DATED: September 14, 2021

/s/ JAMES P. JONES
Senior United States District Judge

---

[3] The respondent, through counsel, has stated that the Bureau of Prisons has now corrected Jones' record and accordingly no further proceedings may now be needed.